UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALFRED JOHN BAPTISTE (#123363)

VERSUS                                              CIVIL ACTION

FREDRICK BOUTTE, ET AL                              NUMBER 10-128-FJP-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 30, 2011.

                                                    _____
                                                    **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALFRED JOHN BAPTISTE (#123363)

VERSUS                                                              CIVIL ACTION

FREDRICK BOUTTE, ET AL                              NUMBER 10-128-FJP-DLD

MAGISTRATE JUDGE'S REPORT

This matter is before the court, following oral argument, on the parties' cross motions for summary judgment. Record document numbers 18 and 22. Defendants opposed the plaintiff's motion for summary judgment.[1]

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 and the American with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* against Assistant Warden Fredrick Boutte and Col. Reginald Brock. Plaintiff alleged that he was subjected to unconstitutional conditions of confinement while housed in administrative lockdown for 13 days.[2]

Plaintiff moved for summary judgment[3] relying on a statement of undisputed facts and his affidavit.

Defendants Boutte and Brock moved for summary judgment relying on a statement

---

[1] Record document number 21.

[2] Plaintiff amended the complaint to name Sgt. Dillion as a defendant. Plaintiff's claims against Sgt. Dillion and his ADA claims against Boutte and Brock in their individual capacities were previously dismissed. Record document number 26.

[3] Plaintiff addressed issues in his motion for summary judgment which were not alleged in his original and amended complaints. Plaintiff's motion for summary judgment shall not be treated as an amendment to the complaint.

of undisputed facts, the affidavits of Frederick Boutte, Reginald Brock, Maintenance Supervisor Hal Johnson and Maj. Beau Saunier, photographs of cell 14 and the shower area, copies of the plaintiff's medical records, the results of the administrative remedy procedure and excerpts from the Disciplinary Rules and Procedures for Adult Offenders.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Plaintiff alleged that he is a paraplegic, paralyzed from the waist down. Plaintiff alleged that on August 7, 2009, he was issued a disciplinary report and was placed in administrative lockdown cell 14 for approximately 13 days. Plaintiff alleged that when his wheelchair was unable to go through the doorway of cell 14 he asked Sgt. Dillon to move him to a wheelchair accessible cell. Plaintiff alleged that Sgt. Dillon denied his request and ordered him to enter the cell. Plaintiff alleged that he got out of his wheelchair and slid across the floor to enter his cell. Plaintiff alleged that he re-opened a pressure sore on his buttocks as a result of sliding across the floor to enter the cell. Plaintiff alleged that cell 14 did not have hand bars to access the toilet facilities. Plaintiff alleged that on occasion, he was unable to get on the toilet before defecating on himself.

Plaintiff alleged that he had to forego showering because the shower cell was not equipped with a wheelchair ramp and hand bars. Plaintiff alleged that on August 17, 2009, he gave Boutte a letter describing the conditions in his cell and on several occasions he spoke with Boutte and Brock about the deficiencies in cell 14 but neither took any action

2

to abate the unconstitutional conditions.

Defendants denied that the plaintiff voiced any complaints or delivered any correspondence regarding the alleged conditions in his cell. Defendants argued that cell 14 is wheelchair accessible and that the plaintiff had use of his personal wheelchair inside cell 14 for the duration of his stay. Defendants argued that although the toilet in cell 14 was not equipped with a hand rail, the plaintiff had the use of his wheelchair to get on and off the toilet and his bed. Defendants also denied the plaintiff's allegations that the shower cell was not wheelchair accessible. Defendants argued that the shower cell was wheelchair accessible and equipped with a handicap shower chair and hand bars. Defendants argued that shower logs showed that the plaintiff showered several times while confined in administrative segregation.

**Applicable Law and Analysis**

**A. Eighth Amendment Claims**

The following facts are not in dispute. Plaintiff is a paraplegic confined to a wheelchair. On August 7, 2009, the plaintiff was issued a disciplinary report and was escorted to administrative segregation and assigned to cell 14. Neither Assistant Warden Boutte nor Col. Brock placed the plaintiff in cell 14. Plaintiff had use of his wheelchair while confined in cell 14.[4]

---

[4] At oral argument, the plaintiff offered a forthright explanation of events. Plaintiff explained that when Sgt. Dillon transferred him to the unit, his wheelchair would not go through the cell door. Sgt. Dillon walked to the front of the unit to advise his supervisor and was instructed to make sure the plaintiff was placed in the cell. Sgt. Dillon wheeled the plaintiff to the cell door, plaintiff lowered himself out of his wheelchair and slid across the threshold of the cell. Sgt. Dillon assisted the plaintiff onto the bed and then folded the plaintiff's wheelchair and placed it inside of the cell. Plaintiff had use of the wheelchair for
(continued...)

Plaintiff alleged that Sgt. Dillon made him get out of his wheelchair and slide across the floor to enter cell 14.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Assistant Warden Boutte and Col. Brock are responsible for the actions of their subordinate is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Plaintiff alleged that on August 17, 2009, he wrote a letter to Warden Boutte complaining about the deficiencies in cell 14. Plaintiff asserted in his motion for summary judgment that rather than mail the correspondence, he gave it to Warden Boutte on that date.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.*

---

[4](...continued)
the duration of his stay in the cell.
  Plaintiff also explained that although the shower cell was not handicap accessible to the extent that he is accustomed, when he did use the shower cell a ramp was retrieved from another area.

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Plaintiff alleged that he was injured when, in order to comply with Sgt. Dillon's order, he got out of his wheelchair and slid across the floor to enter his cell. As previously noted, the defendants are not responsible for the actions of Sgt. Dillon. With regard to the claims alleged against these defendants, the plaintiff failed to alleged that he sustained any physical injury as a result of being confined to a cell without a hand bar or because he was unable to take a daily shower over the 13 day period at issue.

Moreover, the summary judgment evidence showed that the shower is accessible by ramp and is equipped with a handicap shower chair and hand bar.[5] The summary judgment evidence showed that the plaintiff showered nine times during the 13 day period in the shower cell located on Tier C.[6] The summary judgment evidence showed that although cell 14 was not equipped with a hand bar to access the toilet, the plaintiff had use of his wheelchair inside the cell to get on and off the toilet and bed.[7]

Even assuming the plaintiff's allegations are sufficient to overcome the statutory physical injury requirement, there is simply no evidence in the record that defendants Boutte and Brock knew that the plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. Although the court is

---

[5] State exhibits 1, 2 and 7. Record document numbers 21-2 and 23-2.

[6] Record document number 21-4, pp. 1-15.

[7] State exhibits 1, 2 and 4.

sympathetic to the difficulties the plaintiff faces as a paraplegic, particularly in a prison environment, resolution of his Eighth Amendment claims must be based on evidence that the defendants were deliberately indifferent to his health or safety rather than sympathy.

Defendants are entitled to summary judgment on the plaintiff's deliberate indifference claims.

### B. Official Capacity ADA Claim

Plaintiff alleged that he is a paraplegic who was denied the use of a hand bar to get on and off the toilet while confined in an administrative lockdown cell and the shower cell did not have an access ramp or a hand bar.

The real party in interest in an official capacity suit is the government entity. *Goodman v. Harris*, 571 F.3d 388 (5th Cir. 2009) (citing *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099 (1985)).

Congress enacted the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). Title I of the ADA prohibits discrimination in employment. *See id.* § 12112. Title III prohibits discrimination in access to public accommodations like hotels, restaurants, and theaters. *See id.* §§ 12182, 12184. Title II, the provision at issue here, prohibits discrimination against persons with disabilities by "public entities," and is modeled on § 504 of the Rehabilitation Act, Pub.L. No. 93-112, 87 Stat. 355 (1973) (codified as amended in scattered sections of 29 U.S.C.).[8]

---

[8] Title II essentially extends the reach of § 504 to state and local governmental entities that do not receive federal financial assistance. See 29 U.S.C. § 794(a) (limiting scope of the Rehabilitation Act to entities receiving Federal funds).

(continued...)

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." § 12132 . A " 'qualified individual with a disability' " is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."  § 12131(2).  The Act defines " 'public entity' " to include "any State or local government" and "any department, agency, ... or other instrumentality of a State," "  § 12131(1).  The Supreme Court has previously held that this term includes state prisons. See *Pennsylvania Dept. of Corrections v. Yeskey,* 524 U.S. 206, 210, 118 S.Ct. 1952 (1998). Title II authorizes suits by private citizens for money damages against public entities that violate § 12132. See 42 U.S.C. § 12133 (incorporating by reference 29 U.S.C. § 794a).

A plaintiff seeking relief under Title II must establish: (1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability.  *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004).

Title II does not require a prison make reasonable accommodations for inmates

---

[8](...continued)

with disabilities[9], *Owens v. O'Dea*, 149 F.3d 1184 (6th Cir. 1998), or create a right for a disabled inmate to demand that the prison implement a specific type of service, program, or activity that is not already available. *Garrett v. Angelone*, 940 F.Supp. 933, 942 (W.D. Va. 1996), *aff'd*, 107 F.3d 865 (4th Cir. 1997).

A plaintiff asserting a private cause of action for violations of the ADA may only recover compensatory damages upon a showing of intentional discrimination. *Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 574 (5th Cir. 2002) (citing *Carter v. Orleans Parish Pub. Sch.,* 725 F.2d 261, 264 (5th Cir. 1984)). Punitive damages are unavailable. *Barnes v. Gorman*, 536 U.S. 181, 189-90, 122 S.Ct. 2097 (2002). "Acts of negligence do not come within the ambit of the ADA." *Norman v. TDCJ-ID,* No. 6:06cv403, 2007 WL 3037129, at *5 (E.D. Tex. October 18, 2007) (citing *Foley v. City of Lafayette*, 359 F.3d 925, 931 (7th Cir. 2004)).

Thus, the plaintiff must allege that he "is being excluded from participation in, being denied the benefits of, or being subjected to discrimination ... solely because of h[is] disability." *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005) (quotation omitted). The lack of a hand bar in the administrative lockdown cell where the plaintiff was temporarily housed affects all disabled persons, not just the plaintiff. Thus, the plaintiff cannot demonstrate that the defendants intentionally discriminated against him specifically by failing to equip the administrative lockdown cell with a hand bar. "[A]cts and omissions which have a disparate impact on disabled persons in general [are] not specific acts of intentional discrimination against [the plaintiff] in particular. *Id.* at 568

---

[9] The ADA language requiring "reasonable accommodations" appears in Title I of the ADA, and applies only to employers. *Id.*

(quoting *Tyler v. City of Manhattan*, 118 F.3d 1400, 1403 (10th Cir. 1997)); *accord Thao v. City of St. Paul*, No. 05-5306, 2006 WL 1004379, at *8 (D.Minn. Apr. 13, 2006), *aff'd*, 481 F.3d 565 (8th Cir. 2007).

The summary judgment evidence showed that although cell 14 was not equipped with a hand bar to facilitate use of the toilet, the plaintiff had use of his wheelchair inside the cell to get on and off the toilet and bed[10] and that the shower is accessible by ramp and is equipped with a handicap shower chair and hand bar.[11]

The summary judgment evidence supports a finding that the plaintiff was not excluded from participation in, denied the benefits of, or was subjected to discrimination solely because of his disability. Defendants are entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's motion for summary judgment be denied, that the defendants' motion for summary judgment be granted and this action be dismissed.

Signed in Baton Rouge, Louisiana, on August 30, 2011.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[10] State exhibits 1, 2 and 4.

[11] State exhibits 1, 2 and 7. Record document numbers 21-2 and 23-2.